IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Lynel Witherspoon, | ) | |
| | ) | C.A. No. 8:19-336-HMH-JDA |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Donnie Stonebreaker, Warden of | ) | |
| Evans Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Lynel Witherspoon ("Witherspoon"), a state prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Austin recommends granting the Respondent's motion for summary judgment and denying Witherspoon's petition. For the reasons set forth below, the court adopts the Report and Recommendation, grants Respondent's motion for summary judgment, and denies Witherspoon's petition.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Witherspoon is currently incarcerated at Evans Correctional Institution in the South Carolina Department of Corrections. On February 28, 2013, Witherspoon was indicted in state court for distribution of cocaine. (Ret. & Mem. Supp. Mot. Summ. J. Attach. 1 (App. 239-40), ECF No. 10-1.) On July 25, 2013, Witherspoon was found guilty after a jury trial and sentenced to seventeen years' imprisonment. (Id. Attach. 1 (App. 167-75), ECF No. 10-1.) On July 29, 2013, Witherspoon filed a direct appeal and raised claims of trial court error regarding (1) confusing and misleading jury instructions, (2) failure to give curative instructions to the jury, (3) the use of an Allen[2] charge, and (4) denial of Witherspoon's motion for a directed verdict. (Id. Attach. 3 (Anders[3] Br.), ECF No. 10-3; Id. Attach. 4 (Pro Se Anders Br.), ECF No. 10-4.) On October 8, 2014, the South Carolina Court of Appeals dismissed Witherspoon's appeal. (Id. Attach. 1 (App. 246-47), ECF No. 10-1.)

On December 12, 2014, Witherspoon filed an application for post-conviction relief ("PCR") and raised three grounds for relief: (1) ineffective assistance of trial counsel, (2) due process violations, and (3) ineffective assistance of appellate counsel. (Ret. & Mem. Supp. Mot. Summ. J. Attach. 1 (App. 178-85), ECF No. 10-1.) An evidentiary hearing was held on February 9, 2016. (Id. Attach. 1 (App. 194-232), ECF No. 10-1.) On March 11, 2016, the court denied Witherspoon's PCR application. (Id. Attach. 1 (App. 233-38), ECF No. 10-1.) Witherspoon appealed and filed a petition for writ of certiorari with the South Carolina Supreme Court on September 23, 2016, raising the following issues: (1) PCR court error

---

[2] Allen v. United States, 164 U.S. 492 (1896).

[3] Anders v. California, 386 U.S. 738 (1967).

regarding failure to find trial counsel ineffective for (a) failing to object to the in-court comparison of Witherspoon to a still frame from the video of the drug transaction at issue ("in-court stand up procedure"), (b) failing to object to hearsay testimony, and (c) failing to suppress the video tape of the drug transaction; (2) lack of subject matter jurisdiction; (3) impermissible prosecution; and (4) trial counsel's failure to object to the Allen charge. (Id. Attach. 10 (Pet. Writ Cert. 3), ECF No. 10-10; Id. Attach. 11 (Pro Se Br.), ECF No. 10-11.) The South Carolina Supreme Court transferred the petition to the South Carolina Court of Appeals, and on April 17, 2018, the Court of Appeals denied the petition. (Id. Attach. 13 (Apr. 17, 2018 Order), ECF No. 10-13.)

Witherspoon filed the instant § 2254 petition on February 5, 2019, alleging the following four grounds for relief:

> **Ground 1:** Trial counsel was ineffective when she failed to make a pre-trial motion to exclude and/or redact video evidence of the alleged drug transaction.
>
> **Ground 2**: Trial counsel was ineffective for failing to exclude or object to hearsay testimony during trial.
>
> **Ground 3**: Trial counsel was ineffective for failing to contemporaneously object and/or move for a mistrial after the court's Allen charge during jury deliberations.
>
> **Ground 4**: Trial counsel was ineffective for failing to object and/or move for mistrial when the court instructed the Defendant to stand next to an image of the alleged perpetrator.

(§ 2254 Pet., ECF No. 1.) On April 25, 2019, Respondent filed a motion for summary judgment. (Mot. Summ. J., ECF No. 11.) Witherspoon filed a response in opposition on May 9, 2019. (Resp. Opp'n Mot. Summ. J., ECF No. 12.) On July 11, 2019, Magistrate Judge Austin issued the Report and Recommendation. (R&R, ECF No. 14.) Magistrate Judge

Austin recommends granting Respondent's motion for summary judgment and denying Witherspoon's petition because (1) portions of grounds three and four are procedurally defaulted, and (2) Witherspoon has not demonstrated that the PCR court's application of Strickland v. Washington, 466 U.S. 668 (1984), was unreasonable as to the remaining grounds for relief. (Id., ECF No. 14.) Witherspoon filed objections to the Report and Recommendation on July 25, 2019. (Objs., ECF No. 15.) This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [a

5

petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Ineffective Assistance of Counsel

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, the petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland, 466 U.S. at 687. With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, the petitioner must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

### D. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the court finds that some of Witherspoon's objections are nonspecific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate

his claims. However, Witherspoon presents three specific objections. Witherspoon objects to the magistrate judge's conclusions that (1) portions of grounds three and four are procedurally defaulted, (2) the procedural default is not excused by cause and prejudice, and (3) the PCR court's application of Strickland as to grounds one through four was not objectively unreasonable. (Objs., generally, ECF No. 15.)

### 1. Procedural Default

In objections one and two, Witherspoon objects to the magistrate judge's conclusions that the portions of grounds three and four alleging that trial counsel was ineffective for failing to move for a mistrial following the Allen charge and in-court stand up procedure are procedurally defaulted and cannot be excused by cause and prejudice. (Id. 1-3, ECF No. 15.)

In his first objection, Witherspoon argues that his claims challenging trial counsel's failure to move for a mistrial were actually ruled on by the PCR court and are not procedurally defaulted. (Id. 1, ECF No. 15.) Upon review of the record, the possibility of trial counsel moving for a mistrial was mentioned briefly during the PCR hearing. (Ret. & Mem. Supp. Mot. Summ. J. Attach. 1 (App. 213, 214, 226, 230), ECF No. 10-1.) However, trial counsel's failure to move for a mistrial was not addressed in the PCR court's order of dismissal and was not raised in Witherspoon's PCR appeal. (Id. Attach. 1 (App. 233-38), ECF No. 10-1.) Accordingly, these issues are not preserved for review and are procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991) (holding that an issue not properly raised to state's highest court, and procedurally precluded from being raised there now, is procedurally barred from review in federal habeas). Moreover, even if the PCR court's blanket statement in the March 11, 2016 Order that trial counsel was not ineffective "in any way,"

7

considered trial counsel's failure to move for a mistrial, the PCR court's determination was not an unreasonable application of Strickland, as set forth more fully below.  (See Ret. & Mem. Supp. Mot. Summ. J. Attach. 1 (App. 237), ECF No. 10-1.)  Therefore, Witherspoon's first objection is without merit.

In his second objection, Witherspoon argues that, even if those portions of grounds three and four are procedurally defaulted, he is able to establish cause to excuse the default. (Objs. 3, ECF No. 15.)  Procedural default may be excused only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.  "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial" when the prisoner's first opportunity to raise a claim of ineffective assistance of trial counsel is during the state's collateral review proceedings. Martinez v. Ryan, 566 U.S. 1, 9, 17 (2012).

In this case, Witherspoon submits that PCR counsel was ineffective in failing to file a motion to alter or amend the PCR court's judgment and requesting specific findings of fact and conclusions of law pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure in order to preserve any issues not ruled on by the PCR court.  (Resp. Opp'n Mot. Summ. J. 9, ECF No. 12.)  However, Witherspoon "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."  Martinez, 556 U.S. at 14.  At the PCR hearing, Witherspoon's trial counsel testified that she objected to the Allen charge and the in-court

8

stand up procedure. (Ret. & Mem. Supp. Mot. Summ. J. Attach. 1 (App. 218-20), ECF No. 10-1.) Based on a review of the record, Witherspoon has failed to establish that a mistrial was warranted at those points in the trial or that trial counsel was ineffective in failing to move for a mistrial in either circumstance. Thus, even if Witherspoon's PCR counsel was ineffective in failing to file a Rule 59(e) motion, he has failed to establish that the portions of grounds three and four regarding trial counsel's failure to move for a mistrial have some merit.[4] Accordingly, Witherspoon's second objection is without merit.

## 2. PCR Court's Application of Strickland v. Washington

In his remaining objections, Witherspoon objects to the magistrate judge's conclusions that the PCR court's application of Strickland was not unreasonable as to grounds one through four. (Objs. 4, ECF No. 15.)

When reviewing a state court's application of Strickland, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." Harrington v, Richter, 562 U.S. 86, 101 (2011). Further, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). In order to obtain relief under § 2254, the

---

[4] Moreover, even if PCR counsel had filed a Rule 59(e) motion, a Rule 59(e) motion only preserves issues for PCR appellate review, not federal habeas review. Fishburne v. State, No. 27911, 2019 WL 3437787, at *5-6 (S.C. 2019). Witherspoon did not raise any argument about trial counsel's failure to move for a mistrial in his PCR appeal. Accordingly, the facts upon which Witherspoon bases his ineffective assistance of PCR counsel argument would not have preserved the grounds for federal review.

9

state court's application of Strickland must have been "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103. In other words, an incorrect application of Strickland is not necessarily an unreasonable application of Strickland that merits habeas relief under § 2254. Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law.").

In this case, Witherspoon alleges ineffective assistance of trial counsel in each ground for relief. The PCR court examined each of these four grounds, except for the portions of grounds three and four discussed above, and determined that Witherspoon's trial counsel did not render ineffective assistance. (Ret. & Mem. Supp. Mot. Summ. J. Attach. 1 (App. 233-38), ECF No. 10-1.) In his objections, Witherspoon argues that the PCR court unreasonably analyzed the facts presented at the PCR hearing relevant to each ground for relief. (Objs. 3-8, ECF No. 15.) Based on the record, Witherspoon's trial counsel had a strategy to address each of the issues identified by Witherspoon in this petition, and objected to the issues identified in the instant grounds three and four. (Ret. & Mem. Supp. Mot. Summ. J. Attach. 1 (App. 197-222, 227), ECF No. 10-1.) Therefore, the PCR court did not unreasonably analyze the facts regarding Witherspoon's claims. Strickland, 466 U.S. at 689-90 (noting that "[t]here are countless ways to provide effective assistance in any given case," and instructing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight"). Further, Witherspoon has failed to identify any authority to support his argument that the PCR court unreasonably applied Strickland to his claims. Thus, Witherspoon has not demonstrated that the PCR court's application of Strickland was

unreasonable.  See Harrington, 562 U.S. at 103.  Accordingly, Witherspoon's objections as to grounds one through four are without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 11, is granted and Witherspoon's § 2254 petition, docket number 1, is denied.  It is further

**ORDERED** that a certificate of appealability is denied because Witherspoon has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                s/Henry M. Herlong, Jr.
                Senior United States District Judge

Greenville, South Carolina
August 12, 2019